**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

LIBERTY MUTUAL INSURANCE    )
COMPANY,    )
    )
    Plaintiff,    )
    )
vs.    )    Case No. CIV-04-0759-F
    )
NORTH AMERICAN    )
DISMANTLING CORP., et al.,    )
    )
    Defendants.    )

## <u>ORDER</u>

Liberty Mutual Insurance Company's (Liberty Mutual's) Motion for Summary Judgment filed March 23, 2005, is before the court (docket entry no. 31). The motion seeks summary judgment against two of the defendants in this action, North American Dismantling Corp. (North American Dismantling) and JB Personnel, Inc. (JB Personnel). The motion asks the court to declare that the insurance policies which are the subject of this action provide no coverage for claims made by Jim Boggs or Juan Iglesias in Oklahoma's workers' compensation courts, and to declare that Liberty Mutual has no obligation to defend those claims.

Upon the motion of North American and JB Personnel, those parties were granted until May 23, 2005, to respond to the motion for summary judgment. Those parties have not responded to the motion nor have they sought an extension of time within which to respond.[1]

---

[1]The Order which granted North American Dismantling and JB Personnel until May 23 to respond to the motion for summary judgment also granted those parties until May 30, 2005, to file their own dispositive motion. Neither of these parties has filed a dispositive motion nor sought an extension of time within which to file a dispositive motion.

Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Discussion

After careful review of Liberty Mutual's moving papers, the court adopts that party's arguments as stating the court's own fact-findings and legal conclusions. It is not necessary to restate all of those findings and conclusions in detail here, however, the court summarizes some of the factual and legal determinations which support the rulings stated in this Order, as follows.

A Mother's Day 2003 weekend tornado caused extensive damage to General Motors' Oklahoma City plant, and General Motors hired North American Dismantling to help with the clean-up.

North American Dismantling is a Michigan company.  As of January 1, 2003, North American Dismantling no longer had any employees because it leased employees from JB Personnel, another Michigan company.  JB Personnel had been set up as a payroll company for the specific purpose of leasing back employees to North American Dismantling.  Accordingly, this Order makes no distinction between North American Dismantling and JB Personnel.

James Boggs and Juan Iglesias were two individuals hired by North American Dismantling/JB Personnel to assist in the GM clean-up.  Both individuals were hired in Oklahoma with the Oklahoma Union Hall acting as the agent of North American Dismantling/JB Personnel.  The union selected employees for the GM clean-up work and sent them to the job site to report for work.  It is in connection with this work that Mr. Boggs and Mr. Iglesias each filed workers' compensation claims in Oklahoma's workers' compensation courts.

Because they were unable to obtain coverage on the open market, North American Dismantling and JB Personnel applied to the Michigan Workers' Compensation Placement Facility (Michigan Placement Facility) for workers' compensation coverage.  The Michigan Placement Facility helps provide coverage for difficult risks in Michigan.  The Michigan Placement Facility has responsibility for workers' compensation in the State of Michigan only.  Upon the application of North American Dismantling and JB Personnel, the Michigan Placement Facility, in accordance with Michigan law, assigned the risks in question to Liberty Mutual.

The policies in question are WC5-34S-352960-013, issued to North American Dismantling, and WC5-34S-352965-013, issued to JB Personnel.[2]  Coverage under

---

[2]The policy numbers stated at p. 8 of the motion appear to have typographical errors.  The policy identified at p. 8 as issued to JB Personnel ends with an "03" rather than with a "013." The policy identified at p. 8 as issued to North American Dismantling ends with a "13" rather than with

(continued...)

these Liberty Mutual policies is limited to coverage for Michigan risks. The policies do not cover Mr. Boggs' or Mr. Iglesias' worker compensation claims, which are Oklahoma claims made by Oklahoma residents who were hired in Oklahoma for work in Oklahoma. Under the subject policies, Liberty Mutual is not obligated to defend the workers' compensation claims filed in Oklahoma by Mr. Boggs or Mr. Iglesias.

Liberty Mutual is not estopped to deny coverage of Mr. Boggs or Mr. Iglesias. To the extent that collateral estoppel is applicable to this action, that doctrine benefits Liberty Mutual as a result of the Oklahoma workers' compensation court's dismissal of Liberty Mutual from the proceedings involving Mr. Boggs' and Mr Iglesias' claims.

Conclusion

Having carefully reviewed the moving papers, the record, and the pleadings, the court concludes that the motion for summary judgment is well supported. The court further concludes that it is appropriate to deem the motion for summary judgment confessed. LCvR7.2(e). Finally, the court concludes that it is appropriate, under the standards of Rule 56, to enter summary judgment in Liberty Mutual's favor and against North American Dismantling and JB Personnel.

Plaintiff Liberty Mutual Insurance Company's motion for summary judgment is hereby **GRANTED**, and all claims alleged against North American Dismantling Corp. and JB Personnel, Inc. are adjudicated in plaintiff's favor. The court declares that the insurance policies which are the subject of this action provide no coverage for the claims made in the Oklahoma workers' compensation courts by James Boggs or

---

[2](...continued)
"013." In the text of this Order, the court uses the policy numbers as they appear on the cover pages of each of the two policies. See page 1 of Liberty Mutual's Exhibit Nos. 6 and 7.

Juan Iglesias.  The court further declares that Liberty Mutual Insurance Company has no obligation to defend either of those claims.

These rulings do not fully adjudicate this action because two remaining defendants are unaffected by this Order, defendant Boggs and defendant Iglesias. These defendants have been served but have not entered an appearance or filed a responsive pleading.  Although it appears that these defendants are in default, the court does not enter default judgment against them at this time because, in circumstances such as these, a party entitled to judgment by default must apply to the court for that result.  *See*, Fed. R. Civ. P. 55(b)(1)(2) (clerk may enter default when judgment is for a sum certain, otherwise, the entitled party must apply to the court for a judgment by default).  Plaintiff has not moved for default judgment against defendant Boggs or Iglesias, and the motion for summary judgment expressly requests judgment only against North American Dismantling and JB Personnel.  Thus, to the extent that the Complaint alleges claims against defendant Boggs and defendant Iglesias, this action continues to pend.

Dated this 1st day of June, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0759p007(pub).wpd